Oudit v. Holder

BIA
Vomacka, IJ
A097 531 241

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

STEVE OUDIT,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., U.S.
ATTORNEY GENERAL
> *Respondent.*

09-3425-ag
NAC

_____

FOR PETITIONER: Visuvanathan Rudrakumaran, Law Office of V. Rudrakumaran, New York, N.Y.

FOR RESPONDENT: Liza S. Murcia, Attorney, Office of Immigration Litigation, *for* Jennifer Paisner Williams, Senior Litigation Counsel, *and* Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Steve Oudit, a native and citizen of Trinidad and Tobago, seeks review of a July 13, 2009 order of the BIA affirming the January 15, 2008 decision of Immigration Judge ("IJ") Alan A. Vomacka denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Steve Oudit*, No. A097 531 241 (B.I.A. July 13, 2009), *aff'g* No. A097 531 241 (Immig. Ct. N.Y. City Jan. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008). It reviews *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110

2

(2d Cir. 2008).

As an initial matter, we decline to consider Oudit's unexhausted argument that the IJ was biased. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

The agency reasonably found that Oudit was not credible because of inconsistencies in his testimony, his demeanor, and his failure to provide adequate evidence corroborating his testimony. Under the REAL ID Act, which applies in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Although Oudit argues that the agency failed to consider evidence of conditions in his home country, the record suggests otherwise. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Indeed, the BIA explicitly acknowledged evidence of "problems involving police in Trinidad and Tobago" in its decision.

Oudit, however, is correct in arguing that some of the
IJ's findings, on which he based his adverse credibility
determination, were not supported by the record. First, the
IJ's finding that Oudit was inconsistent about the number of
beatings he suffered was based on a misstatement of the
record, conflating Oudit's testimony about when the police
came to his store with testimony about when he was beaten by
the police. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73
(2d Cir. 2004) ("[O]ur review is meant to ensure that
credibility findings are based upon neither a misstatement
of the facts in the record nor bald speculation or
caprice."), *overruled on other grounds by Shi Liang Lin v.
U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Second,
the IJ's finding that Oudit was inconsistent about where on
his body he was beaten by cable wire was based on a
misquotation of Oudit's asylum application. Finally, the
IJ's finding that the beatings Oudit had alleged were
inconsistent with his scars was improper because it involved
fact finding "beyond ordinary judicial competence."[1] *Li Hua*

---

[1] The IJ's attempt to buttress his finding by
suggesting that Oudit's scars were caused by construction
work or trouble with the police due to his history of
drinking was also based on speculation. *See Siewe v.
Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (discussing
how speculation can undermine fact finding).

4

*Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 111 (2d Cir. 2006); *see also Edimo-Doualla v. Gonzales*, 464 F.3d 276, 285 (2d Cir. 2006) ("It was speculative for the IJ to assume that scars were necessary either to corroborate Edimo-Doualla's account or to establish a level of abuse amounting to persecution.").

Nevertheless, remand is not necessary in this case because "we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Xiao Ji Chen*, 434 F.3d at 161. In contrast to *Li Hua Lin*, here there is no indication that the IJ's erroneous findings were "central" to his decision. 453 F.3d at 111. Although the agency erred in finding some inconsistencies in Oudit's testimony that are not supported by the record, there are "ample, error-free grounds that provide substantial evidence to support the IJ's adverse credibility determination." *Singh v. BIA*, 438 F.3d 145, 149 (2d Cir. 2006).

The agency's adverse credibility finding reasonably relied on several material inconsistencies in Oudit's testimony that were supported by the record. Substantial evidence in the record supports the IJ's findings that Oudit was inconsistent regarding whether (1) his wife and daughter

5

moved to the United States after his problems with the police, (2) he was beaten two days in a row by the police in August 1998, and (3) he was beaten with a cable by the police in October 1998. Although Oudit has attempted to offer explanations for these inconsistencies, none of these explanations compels the conclusion that his statements were not inconsistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (emphasis in original)).

Moreover, the IJ reasonably based his adverse credibility determination on demeanor, finding that Oudit was unresponsive. We defer to that finding because the IJ had "the unique advantage . . . of having heard directly from the applicant." *Majidi*, 430 F.3d at 81 n.1 (internal quotation marks omitted).

Finally, the IJ reasonably found that Oudit was not credible because he failed to adduce corroborating evidence to rehabilitate his questionable testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

The IJ reasonably gave little weight to the letters from business owners submitted by Oudit because they contained similar language, did not include any verification of the authors' identity, and were hearsay. In addition, the letter from Oudit's sister failed to indicate her relationship to Oudit. *See Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight afforded to the applicant's evidence "lies largely" within the discretion of the agency) (internal alteration omitted). The IJ also reasonably suggested that Oudit should have provided corroborating evidence from his wife, lawful permanent resident sister, or a doctor. Contrary to Oudit's claims, an IJ need not first identify the particular pieces of missing, relevant evidence before relying on a lack of corroboration to support an adverse credibility finding. *See Xiao Ji Chen*, 471 F.3d at 341. Although an IJ may not base an adverse credibility finding on the absence of corroborating evidence that was not reasonably available to the applicant, it was reasonable for the IJ to expect that Oudit had access to a doctor and could have offered the testimony of his wife and sister-in-law, both of whom were living in the United States.

In view of the inconsistencies in Oudit's testimony that were supported by the record, the IJ's demeanor finding, and Oudit's failure to rehabilitate his testimony with adequate corroborating evidence, we conclude that substantial evidence supported the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Remand therefore is not necessary. *Xiao Ji Chen*, 434 F.3d at 161. Because Oudit's claims for withholding of removal and CAT relief share the same "factual basis," *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006), the agency's adverse credibility determination is dispositive of Oudit's petition.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8